NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ELLIOTT AND ISABELLA BATES,         :
                                    :
            Plaintiffs,             :
                                    :    Civ. No. 09-4369 (GEB)
      v.                            :
                                    :    **MEMORANDUM OPINION**
STATE OF NEW JERSEY, ET AL.,        :
                                    :
            Defendants.             :
_____:

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of *pro se* Plaintiffs Elliott and Isabella Bates ("Plaintiffs") for judgment on the pleadings against Defendants the State of New Jersey, *et al.* ("Defendants"). [# 6] Defendants oppose Plaintiffs' present motion. [# 7, 8] The Court has considered all submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiffs' motion will be denied and Plaintiffs' complaint will be dismissed without prejudice.

I.    BACKGROUND

On August 25, 2009, *pro se* Plaintiffs filed a complaint against Defendants the State of New Jersey, *et al.* [# 1] In that complaint, under the caption "JURISDICTION", Plaintiffs handwrote the following allegations: "conspiracy, theft by deception & corruption". [# 1] Further, under the caption "CAUSE OF ACTION", Plaintiffs handwrote the following allegations: "denying tax appeal, over taxation, we paid [sic] $100.00." [#1] The Civil Cover Sheet that was submitted by Plaintiffs with their complaint contains no information in the

following categories:  "II. BASIS OF JURISDICTION"; "III. CITIZENSHIP OF PRINCIPAL PARTIES"; and "IV. NATURE OF SUIT".  [# 1]

On September 24, 2009, Plaintiffs filed the present motion for judgment on the pleadings. [# 6]  In support of that motion, Plaintiffs argue that the various Defendants failed to answer their complaint within the time-frame mandated by the Federal Rules of Civil Procedure.  [# 6] Defendants oppose Plaintiffs' present motion and argue their answers were timely filed.  The Court has reviewed all submission in this case.  Having done so, the Court concludes that Plaintiffs' complaint fails to establish federal jurisdiction exists in this case.  As a result, Plaintiffs' complaint will be dismissed without prejudice and Plaintiffs' present motion will be denied.

## II.  DISCUSSION

### A.  The Court Does Not Have Subject Matter Jurisdiction Over Plaintiffs' Case

In the Third Circuit and the District of New Jersey, it is beyond dispute that:

> A federal court must have subject matter jurisdiction in order to hear a case.  Subject matter jurisdiction in federal court falls within two categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States."

*Scioscia v. Target Corp.*, No. 08-2593, 2008 U.S. Dist. LEXIS 53508, at * 3 (D.N.J. July 14, 2008).  With specific regard to federal question jurisdiction, the United States Supreme Court has held that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the present case, Plaintiffs appear *pro se*. As such, the Court must apply a more liberal standard of review to Plaintiffs' claims. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed). Having applied a more liberal standard of review to Plaintiffs' complaint, the Court concludes that Plaintiffs have failed to establish that federal subject matter jurisdiction exists in this case. Diversity jurisdiction pursuant to Section 1332 clearly does not exist because Plaintiffs' are residents of New Jersey and have named the State of New Jersey as a defendant. Additionally, federal question jurisdiction pursuant to Section 1331 has not been plead because neither Plaintiffs' complaint nor the accompanying Civil Cover Sheet states a federal question on its face. Thus, Plaintiffs have failed to establish that federal subject matter jurisdiction exists in this case. As such, their complaint will be dismissed without prejudice and Plaintiffs' present motion will be denied.[1]

### III.   CONCLUSION

For the reasons noted above, Plaintiffs' complaint will be DISMISSED without prejudice. [# 1] Plaintiffs' present motion will be DENIED. [# 6] The Court will order the Clerk of the Court to CLOSE this case. An appropriate form of order accompanies this memorandum opinion.

Dated:  November 4, 2009

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

---

[1] The Court notes language in Plaintiffs' moving brief that could be construed as a request to file an amended complaint. [# 6] Because the Court lacks subject matter jurisdiction in this case, however, the Court cannot consider that issue.